UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARSHA A. SPRINGER,            )<br>   Petitioner,   )<br>                                )  No. 1:17-cv-1080<br>-V-                             )<br>                                )  HONORABLE PAUL L. MALONEY<br>SHAWN BREWER,                   )<br>   Respondent.   )<br>                                ) | |

## ORDER

This is a habeas corpus action brought by state prisoner Marsha Springer under 22 U.S.C. § 2254. The matter is now before the Court on Springer's objection to a Report and Recommendation ("R&R") issued by Magistrate Judge Ray Kent (R&R ECF No. 12; Objection ECF No. 17). For the reasons to be stated, the Court will overrule the objection and adopt the R&R as the opinion of the Court.

### Legal Framework

With respect to a dispositive issue, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive,

or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Springer brings five objections to the R&R, which the Court will address in the order presented. First, she objects to the R&R's statement that Calista's death was caused by the "chain and zip tie restraint" (ECF No. 12 at PageID.4754). Springer argues that a more accurate statement would be that Calista died in an accidental house fire. The Court finds the difference immaterial. The combination of the restraints and the house fire meant that Calista could not escape, and she died in the fire. The Court finds no error in this sentence in the R&R, and this objection is overruled.

Second, Springer argues that there is clear and convincing evidence that Child Protective Services ("CPS") approved of the restraint system she placed on Calista. However, Springer has cherry-picked the evidence presented at trial: Springer quotes CPS representative Patricia Skelding's testimony that she was aware of the restraint system, but selectively ignores the testimony that she disapproved of the restraint system (*see, e.g.,* ECF No. 8-17 at PageID.2043, where Skelding testified that she "didn't like [the restraint system]"). Nor does Springer revisit her husband's testimony that the restraint system in use

at the time of the fire was a new combination that the couple had been testing for only a few days (ECF No. 8-21 at PageID.3004-5). Accepting this testimony as true, there is no way that CPS approved the specific restraint system that was in use at the time of the fire. Springer's carefully curated presentation of evidence does not change this conclusion, and this objection is overruled.

Next, Springer objects to the R&R's conclusion that the state trial court's factfinding regarding her ineffective assistance of counsel claim is entitled to deference. As background: the state court found that trial counsel's failure to raise an entrapment by estoppel defense was not ineffective assistance because an entrapment by estoppel defense would have been meritless. The trial court applied and evaluated counsel's performance under *Strickland*.[1] Thus, this Court is bound to apply the "doubly deferential" standard of *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Springer argues that her counsel's failure to present CPS's approval of the restraint system was ineffective assistance, but as just described, there is no evidence in the record to support this characterization of the evidence. The Court finds that there is no reasonable argument that counsel failed to satisfy *Strickland*'s requirements, and the R&R properly deferred to the state court's finding. This objection is overruled.

Fourth, Springer argues that the R&R erred when it considered the entrapment by estoppel issue under state law. In Springer's eyes, entrapment by estoppel is a defense enshrined in federal law. However, she was charged and convicted in a Michigan court, under Michigan law, with Michigan defenses at issue. The trial court (and by extension, the R&R)

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

3

properly applied Michigan's definition of entrapment by estoppel. This objection is overruled.

Fifth, Springer argues that she should be granted a certificate of appealability because reasonable jurists could have come to a different conclusion than Magistrate Judge Kent did. She bases this argument on the fact that in 2017, when she appealed a decision of the Michigan Court of Appeals to the Michigan Supreme Court, the Michigan Supreme Court denied leave to appeal but Justice Bernstein would have granted leave to appeal. *See People v. Springer*, 901 N.W.2d 605 (Mem) (Mich. 2017). Because Justice Bernstein would have granted leave to appeal, Springer believes that reasonable jurists could disagree on the R&R's conclusions. However, the R&R presents a different posture and a different legal analysis than the case that was presented to the Michigan Supreme Court in 2017. The Court respectfully finds Justice Bernstein's 2017 opinion to be of no consequence here. Springer is not entitled to a certificate of appealability, and this objection is overruled.

Finally, Springer moves to amend her petition to add a "gateway-innocence" claim, alleging that she has new evidence of actual innocence: the fact that CPS never filed a petition to have Calista removed from her home. This request will be denied for two reasons. First, a claim of actual innocence is not a freestanding basis for habeas relief; instead, it is the "gateway" through which a habeas petitioner must pass to have an otherwise-barred constitutional claim considered on the merits. *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993). Springer's claims are not otherwise barred, so there is no need for her to raise an actual-innocence claim. And even if she needed to raise the actual-innocence claim, the evidence she presents is not new. At the time of trial, she could have presented the fact that

CPS had never filed a removal petition. Accordingly, the motion to amend contained in the objection will be denied.

## Conclusion

The Court finds no error in the R&R, and accordingly, all objections will be overruled the R&R will be adopted as the opinion of the Court, and Springer's motion to amend will be denied. Accordingly,

**IT IS ORDERED** that the January 31, 2020 R&R (ECF No. 12) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's objection (ECF No. 17) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's request to amend her petition (ECF No. 17) is **DENIED**.

Judgment to follow.

**IT IS SO ORDERED.**

**Date:**  December 16, 2020                                   /s/ Paul L. Maloney
                                                              Paul L. Maloney
                                                              United States District Judge